IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERRYL OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:16-cv-677-WKW-GMB |
| | ) | |
| DOTHAN CITY BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is the *pro se* amended complaint of Plaintiff Cherryl Oliver. Doc. 19.  The case was referred to the undersigned United States Magistrate Judge for consideration and disposition pursuant to 28 U.S.C. § 636. Doc. 4.  Because Oliver has moved for leave to proceed without prepayment of fees, costs, or security (Doc. 2), the court must review her complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  That statute instructs the court to dismiss any action where it is determined that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii).  After a careful review of the amended complaint, and giving due consideration to Oliver's *pro se* status, the undersigned recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  BACKGROUND

Oliver was employed by Defendant Dothan City Board of Education as a middle school teacher. Doc. 1-1.  After a student alleged that Oliver punched her, Oliver was suspended and placed on administrative leave with pay. Doc. 1-1.  Oliver was terminated on March 16, 2015. Docs. 1 & 1-1.  Oliver alleges that a similarly-situated white employee, who had difficulties with the same student, was permitted to resign rather than be terminated. Doc. 1-1.

On July 9, 2015, Oliver filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Doc. 1-1.  The EEOC issued a right-to-sue letter on July 28, 2015, which Oliver received on August 4, 2015. Docs. 1 & 1-1.  This letter expressly stated that Oliver must file suit within 90 days of her receipt of the letter. Doc. 1-1.  The 90-day deadline passed on November 2, 2015.  Oliver filed suit on August 18, 2016, over a year after she received her right-to-sue letter from the EEOC, claiming that she had been wrongfully discharged on the basis of her race and gender in violation of Title VII of the Civil Rights Act of 1964. Doc. 1.

On September 2, 2016, the court issued an order directing Oliver to file an amended complaint alleging specific facts to establish either (1) the timeliness of her suit or (2) the applicability of equitable tolling. Doc. 6.  On September 19, 2016, Oliver filed an amended complaint, but she did not allege facts that established the timeliness of her claims or the applicability of equitable tolling. *See* Doc. 19.

## II.  STANDARD OF REVIEW

The same standards that govern a dismissal under Federal Rule of Civil Procedure

12(b)(6) also govern the review of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Under this standard, although the court must accept well-pleaded facts as true, the court is not required to accept a plaintiff's legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In evaluating the sufficiency of a complaint, the court must indulge reasonable inferences in the plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).

A plaintiff's *pro se* status must also be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet such leniency cannot serve as a substitute for establishing a cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action" (internal quotation marks omitted)).

## III.  DISCUSSION

### A.    Wrongful Termination

An individual may bring suit under Title VII of the Civil Rights Act of 1964 after exhausting the EEOC's administrative remedies. *Brown v. John Deere Prod., Inc.*, 460 F.

App'x 908, 909 (11th Cir. 2012).  "[U]pon receiving a right-to-sue letter from the [EEOC], a plaintiff has ninety days to file a complaint." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)). "[F]ederal complaints filed even one day after the expiration of this 90 day period are untimely and, accordingly, subject to dismissal . . . ." *Brown v. Consol. Freightway*, 152 F.R.D. 656, 658 (N.D. Ga. 1993) (internal citations omitted).  The record shows that Oliver received her right-to-sue letter on August 4, 2015, but she did not file suit until August 18, 2016, well past the 90-day deadline. Doc.1.  Therefore, Oliver's lawsuit is untimely unless her claims are subject to equitable tolling. *See, e.g.*, *Brown*, 460 F. App'x at 909 (stating that this "time limit is non-jurisdictional and is therefore subject to equitable tolling").

To invoke the principle of equitable tolling, a plaintiff must show that the delay in filing was caused by "extraordinary circumstances." *Id.* at 910 (quoting *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007)).  "Fraud, misinformation, or deliberate concealment" may constitute extraordinary circumstances. *Brown*, 460 F. App'x at 910 (internal quotation mark omitted).  Still, equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).  The burden of proof is on the plaintiff to establish the grounds for equitable tolling. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 661 (11th Cir. 1993). Further, the "plaintiff's *pro se* status does not alter the analysis or the result." *Portis v. World Omni Finance*, 2000 WL 726220, at *4 (S.D. Ala. May 16, 2000).

Oliver alleged in her original complaint that the "state court, appeals court wasted up all my time and I did not hear anything during this time frame." Doc. 1 at 4.  However, in her amended complaint, which is now Oliver's operative pleading, she provides no

additional facts or grounds to establish that her claims should be equitably tolled. *See* Doc. 19. She does not allege any fraud, misinformation, or deliberate concealment of information that would have caused a delay in filing her complaint. *See* Docs. 1 & 19. Because Oliver has made no showing of "extraordinary circumstances," she has not met the high burden imposed upon plaintiffs to demonstrate that equitable tolling is warranted. *See, e.g.*, *Brown*, 460 F. App'x at 910 (refusing to apply equitable tolling for a *pro se* plaintiff where the plaintiff alleged negligence by the clerk's office and a home invasion two days before the 90-day deadline); *Henderson v. NCO Fin. Sys.*, 2010 WL 1382737, at *7 (S.D. Ala. Mar. 12, 2010) (dismissing a *pro se* plaintiff's EEOC claim where the plaintiff claimed a delay in receiving the right-to-sue letter due to a change in his address). Oliver's Title VII claim is untimely and, therefore, fails to state a claim upon which relief can be granted.

**B.    Defamation**

In her amended complaint (Doc. 7), Oliver asserts a claim for defamation under Alabama law. Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over Oliver's defamation claim because the court is recommending dismissal of her Title VII claim, the only claim over which this court had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction").

## IV.  CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **October 21, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 7th day of October, 2016.

/s/ Gray M. Borden
_____
UNITED STATES MAGISTRATE JUDGE

6