IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHERRYL OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:16-CV-677-WKW |
| | ) | [WO] |
| DOTHAN CITY BOARD OF EDUCATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is Plaintiff's *pro se* motion to seal this lawsuit (Doc. # 15), in which Plaintiff brought Title VII race and gender discrimination claims against her former employer, the Dothan City Board of Education (Doc. # 8). After finding that Plaintiff's Title VII claims were time-barred, the court dismissed those claims and declined jurisdiction over Plaintiff's state-law defamation claim. (*See* Docs. # 11, 12.) Plaintiff now asks the court to seal the case because she is a teacher seeking a job and "[f]uture employers don't need to see this information." (Doc. # 15.) She also notes that a human resources employee at her former school found this case and informed her principal. For the reasons below, the motion will be denied.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern." *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839

(1978). "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564–74 (1980)). Title VII cases are no exception. *See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979).

The court may, however, seal filings for good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause is determined by "the nature and character of the information in question," *Chicago Tribune Co.*, 263 F.3d at 1315, and the court must balance "the public interest in accessing court documents against a party's interest in keeping the information confidential," considering

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Plaintiff has not shown good cause for sealing any documents in this case. Her request is to seal the entire case "from the internet, government publishing, [and] googlers." (Doc. # 15.) That request in and of itself is far too broad. Plaintiff has

2

not pointed to any specific document, which, if not sealed, may harm her or another party.

Nor has she identified any legitimate privacy concerns to justify sealing any part of the case. Plaintiff does not point to any filings that contain confidential information. Plaintiff's only explanation is that her employment opportunities may be harmed by the existence of the lawsuit. Were the court to agree that a case may be sealed over no more than a party's concern about how it would be perceived by others, the public would have the benefit of very few judicial decisions. Plaintiff's position is simply a consequence of choosing to litigate. The subject matter of this lawsuit — a race and gender discrimination claim against a public entity — is of the utmost public concern. While some court filings deserve special treatment, Plaintiff has not demonstrated that any of the filings in this case fit within that category.

Accordingly, it is ORDERED that Plaintiff's motion to seal (Doc. # 15) is DENIED.

DONE this 4th day of September, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE